103 F.3d 132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tom VASQUEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1262.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Tom Vasquez, a federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On March 20, 1991, Vasquez was charged in a second superseding indictment with one count of conspiring to possess with intent to distribute and to distribute over 1000 kilograms of marijuana, five counts of possessing marijuana with intent to distribute, one count of engaging in a continuing criminal enterprise (CCE), and one count of criminal forfeiture. Vasquez pleaded guilty to the CCE count and, on October 28, 1991, was sentenced to 240 months in prison and five years of supervised release. No direct appeal was taken, but Vasquez's sentence was later reduced to 180 months upon the government's substantial assistance motion. Certain real and personal property had already been forfeited to the federal government under 21 U.S.C. § 881(a)(6) and (7) by a final order of forfeiture entered on November 20, 1990.
 
 
 3
 In his motion to vacate, Vasquez relied principally on this court's decision in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), rev'd, 116 S.Ct. 2135 (1996), to argue that his criminal conviction in addition to the civil forfeiture of his property violated the Double Jeopardy Clause. The district court denied the motion in an opinion and order entered on February 9, 1996. The district court first found that Vasquez had established cause for failing to raise this issue in a direct appeal because the cases upon which he relied had not yet been decided. However, it further concluded that the Supreme Court's rule of retroactivity, as explained in Teague v. Lane, 489 U.S. 288 (1989), barred application of the new forfeiture decisions to Vasquez's case. On appeal, Vasquez continues to argue the merits of his double jeopardy claim.
 
 
 4
 Upon review, we affirm the district court's order for a reason other than that relied upon by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). Vasquez's double jeopardy issue has been completely foreclosed by the Supreme Court's recent reversal of the Sixth Circuit case upon which he relies. In United States v. Ursery, 116 S.Ct. 2135 (1996), the Supreme Court expressly held that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at 2139.
 
 
 5
 Accordingly, there was no double jeopardy violation and the district court's order, entered on February 9, 1996, is affirmed.